# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN C. BERKERY, SR., *Plaintiff*, | : : : | CIVIL ACTION |
| v. | : : | |
| EQUIFAX INFORMATION SERVICES LLC et al., *Defendants*. | : : : | NO. 18-3417 |

## MEMORANDUM

PRATTER, J.                                                                                                                             MAY 1, 2019

*Pro se* plaintiff John C. Berkery alleges that three consumer reporting agencies violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*, because they reported that he failed to make the minimum monthly payment on his Capital One credit card. Mr. Berkery admits that he failed to make the minimum monthly payment; however, he alleges that the information is inaccurate because Capital One illegally increased his minimum monthly payment. The consumer reporting agencies moved to dismiss this action. Because Mr. Berkery failed to plead that the consumer reporting agencies included a factual inaccuracy on his reports, as required by the FCRA, the Court grants the motion to dismiss.

### BACKGROUND

In ruling on this motion to dismiss, the Court must accept the facts presented in the complaint in the light most favorable to Mr. Berkery and "accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994).

On March 6, 2012, Mr. Berkery opened a Platinum Mastercard credit card account with Capital One.[1] When he opened the account, and for the next six years, the minimum monthly payment was $25. At some point in 2018, Capital One "unilaterally and without cause upped the minimum." Compl. ¶ 7. Mr. Berkery complained to Capital One about the change and was told that Capital One "refused to return to the correct $25 minimum." *Id.* Mr. Berkery closed his account on April 17, 2018 and continued to pay $25 per month. When he filed the complaint in this case, the account had a balance of $112.[2]

Mr. Berkery contends that three defendant consumer reporting agencies—Equifax Information Services, LLC, Experian Information Solutions, Inc, and Trans Union, Corp.— allegedly misreported the Capital One account on his credit reports because they said the account was overdue when Mr. Berkery refused to pay the increased minimum monthly payment. He says that this inaccuracy resulted in a substantial loss, including the inability to obtain mortgage financing or credit, and also damaged his reputation. Mr. Berkery alleges that the consumer reporting agencies failed to adopt or follow reasonable procedures to assure maximum possible accuracy of his credit reports. Mr. Berkery asked the agencies to reinvestigate his claims but the agencies have continued to report the Capital One account delinquency. Mr. Berkery then filed this lawsuit.

## LEGAL STANDARD

At the outset, the Court notes that Mr. Berkery's *pro se* pleading must be "liberally construed." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *see also Bieros v. Nicola,* 839 F. Supp. 332, 334 (E.D. Pa. 1993). Due to an "understandable difference in legal sophistication," *pro se* litigants such as Mr. Berkery are held to a "less exacting standard" than trained

---

[1] Capital One was originally named as a defendant in this lawsuit; however, it has since been dismissed from the case. (Doc. No. 16).

[2] According to Mr. Berkery's amended response to the motion to dismiss, this account now has a zero balance. Amended Response at 1 n.1 (Doc. No. 19).

counsel. *Lopez v. Brown*, No. 04–6267, 2005 WL 2972843 (D.N.J. Nov. 4, 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Court stands prepared to "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (internal citation omitted).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (alteration in original).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation and internal quotation marks omitted). Thus, assessment of the sufficiency of a complaint is "a context-dependent exercise" because "[s]ome claims require more factual explication than others to state a plausible claim for relief." *W. Pa. Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. For one, the Court "must consider only those facts alleged in the complaint and accept all of the allegations as true." *ALA*, 29 F.3d at 859; *see also Twombly*, 550 U.S. at 555

3

(stating that courts must "assum[e] that all the allegations in the complaint are true (even if doubtful in fact)"); *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("[A] court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."). Also, the Court must accept as true all reasonable inferences emanating from the allegations, and view those facts and inferences in the light most favorable to the nonmoving party. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989); *see also Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010).

That admonition does not demand that the Court ignore or discount reality. The Court "need not accept as true unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000) (citations and internal quotation marks omitted), and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (explaining that a court need not accept a plaintiff's "bald assertions" or "legal conclusions" (citations omitted)). If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

## DISCUSSION

Mr. Berkery contends that the consumer reporting agencies violated the FCRA, 15 U.S.C. §§ 1681, *et seq.*, by misreporting his Capital One account. In particular, he argues that the consumer reporting agencies violated § 1681e(b) by failing to use reasonable procedures to assure maximum possible accuracy in their credit reports and § 1681i(a) by failing to reasonably

4

reinvestigate his dispute of the allegedly inaccurate information. Mr. Berkery alleges that the consumer reporting agencies either knew or had reason to know of the alleged inaccuracy because he requested that they reinvestigate his reports.

Equifax filed a motion to dismiss pursuant to Rule 12(b)(6). Shortly thereafter, the Court granted motions filed by Trans Union and Experian to join Equifax's motion. The consumer reporting agencies argue that Mr. Berkery failed to allege that their reports include patent, factual errors. Because Mr. Berkery admits that Capital One raised his minimum monthly payment and also admits that he refused to pay the increased amount, the consumer reporting agencies contend that their reports are factually accurate. Instead, the consumer reporting agencies believe that Mr. Berkery's dispute is with Capital One, who he believes was not legally permitted to raise his minimum monthly payment.

The Court will address Mr. Berkery's §§ 1681e(b) and 1681i(a) claims in turn. The Court grants the motion to dismiss as to both claims because Mr. Berkery failed to plead that a factual inaccuracy was included on his credit reports.

I. **Section 1681e(b) Claim**

Section 1681e(b) requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). A plaintiff asserting a violation of § 1681e(b) must plead the following four elements: (1) inaccurate information was included on his report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of inaccurate information. *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010) (quoting *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).

5

Even construing all of the facts in Mr. Berkery's complaint in his favor, he fails to allege that the consumer reporting agencies reported an inaccuracy and, thus, his § 1681e(b) claim fails. Mr. Berkery admits that Capital One increased his monthly payment amount and that he continued to pay the previous, lower amount in spite of the increase. When the consumer reporting agencies reported the delinquency, they were accurate because Mr. Berkery was, in fact, delinquent.

## II. Section 1681i Claim

Section 1681i requires consumer reporting agencies to "conduct a reasonable reinvestigation" if a consumer disputes information contained in his or her file and notifies the agency. *Id.* at § 1681i(a)(1)(A). A consumer reporting agency is liable for failing to reinvestigate under § 1681i if it "had a duty to do so, and . . . would have discovered a discrepancy had it undertaken a reasonable investigation." *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

"A claim under 1681i will . . . fail if the consumer cannot show that the information in his or her file was inaccurate." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 212 (E.D. Pa. 2007) (citing *Cushman*, 115 F.3d at 226–27). Even "if the information is technically correct, it may nonetheless be inaccurate if, through omission, it 'create[s] a materially misleading impression.'" *Seamans v. Temple Univ.*, 744 F.3d 853, 865 (3d Cir. 2014) (alteration in original) (quoting *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 148 (4th Cir. 2008)). The question of whether technically accurate information was misleading in such a way that it could have been expected to have an adverse effect is generally a question for the jury. *Id.* (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2014)).

## A. Collateral Attack Case Law

The defendants ask the Court to follow the lead of several courts of appeals in other circuits to conclude that consumer reporting agencies are not required to investigate the *legal* validity of the underlying debts they report. *See DeAndrade v. Trans Union LLC*, 523 F.3d 61 (1st Cir. 2008); *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876 (9th Cir. 2010); *Wright v. Experian Information Solutions, Inc.*, 805 F.3d 1232 (10th Cir. 2015); *Cahlin v. General Motors Acceptance, Corp.*, 936 F.2d 1151 (11th Cir. 1991). Following this line of cases, the defendants contend that they are only liable for patent, factual inaccuracies contained in credit reports. According to the defendants, any claims of a latent inaccuracy (i.e., a collateral legal attack on the legal validity of the debt) are best adjudicated with the creditor, leaving consumer reporting agencies not liable for reporting such "inaccuracies."

For example, in *Carvalho*, the plaintiff admitted that a medical debt of $118 was technically accurate but felt that the debt was misleading because, she argued, her insurer should have paid the bill. 629 F.3d at 891.[3] The Court of Appeals for the Ninth Circuit concluded that, because consumer reporting agencies "are ill equipped to adjudicate contract disputes, courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims." *Id.* The court also concluded that consumers disputing the legal validity of debts should attempt to solve the issue with the creditor first because the creditor is in the best position to conduct an investigation. *Id.* at 892.

In *DeAndrade*, the Court of Appeals for the First Circuit found the reasoning of other circuit courts persuasive because the "FCRA is intended to protect consumers against the compilation and dissemination of *inaccurate* credit information." 523 F.3d at 67 (emphasis in

---

[3] The plaintiff in *Carvalho* brought claims under the California Consumer Credit Reporting Agencies Act (CCRAA). 115 F.3d at 889. The court applied FCRA case law because the CCRAA is substantially based on the FCRA. *Id.* (citing *Olson v. Six Rivers Nat'l Bank*, 3 Cal. Rptr. 3d 301, 309 (Cal. Ct. App. 2003)).

original). In that case, consumers purchased new windows for their home and had the window company arrange mortgage financing for the purchase. *Id.* at 63. The consumers unknowingly signed documents in connection with the financing that also created a lien on their home. *Id.* at 64. Once the consumers became aware of the lien, they stopped making the mortgage payments. *Id.* at 64. The court concluded that the information included on the consumers' credit report was accurate "because it did not state any factual deficiency that could have been resolved by a reasonable reinvestigation conducted by the credit bureau." *Id.* at 68. In fact, there was documentation granting a mortgage to the plaintiff, and the plaintiff then made mortgage payments. *Id.* Determining whether or not the plaintiff was entitled to stop making those mortgage payments was a question for the courts, not the consumer reporting agency. *Id.*

The Court of Appeals for the Third Circuit has not yet ruled on this issue. At least one district court within the Third Circuit has adopted the reasoning of the circuits that have addressed the issue and concluded that consumer reporting agencies are "not required to referee a dispute between a consumer and lender." *Serfess v. Equifax Credit Info. Servs.*, No. 13-406, 2014 WL 4272032, at *8 (D.N.J. Aug. 28, 2014) (granting summary judgment on §§ 1681e and 1681i claims because the consumer did not demonstrate a consumer reporting agency failed to follow reasonable procedures in obtaining information or investigating his disputes).[4]

Two other district courts in the Third Circuit have acknowledged the *Carvalho* line of cases but distinguished them from the facts before those courts. *Shannon v. Equifax Information Services, LLC*, 764 F. Supp. 2d 714, 724 n.6 (E.D. Pa. 2011) (acknowledging that several courts of appeals for other circuits have made the "collateral attack point" but finding that those cases

---

[4] One district court case from the Middle District of Pennsylvania quoted *Serfess* in a footnote. *Angino v. Transunion, LLC*, No. 17-954, 2018 WL 6042901, at *3 n.1 (M.D. Pa. Nov. 19, 2018), *appeal docketed*, No. 18-3704 (3d Cir. Dec. 14, 2018). However, that case ultimately did not address the collateral attack doctrine.

were distinguishable from the case at hand because the issue of whether the plaintiff mailed a check to the creditor was a factual issue that the consumer reporting agencies might have discovered on a proper reinvestigation of his claim); *Wylie v. TransUnion, LLC*, No. 16-102, 2017 WL 835205, at *4 (W.D. Pa. March 2, 2017) (concluding that the plaintiff was not collaterally attacking the underlying debt and was instead alleging that the account at issue did not belong to him, which was a factual issue that could be resolved without any inquiry into whether the debt was valid because the plaintiff "either . . . cosigned the loan or he did not").

None of these cases from district courts in the Third Circuit were appealed.

### *B. Mr. Berkery's § 1681i Claim Fails*

Mr. Berkery's complaint fails because, as currently pled, his dispute centers on the validity of the underlying debt and not on a factual inaccuracy included on his credit reports.[5] The "weight of authority in other circuits indicates that without a showing that the reported information was in fact inaccurate, a claim brought under § 1681i must fail." *DeAndrade*, 523 F.3d at 67; *see also Schweitzer v. Equifax Information Solutions LLC*, 441 Fed. App'x 896, 904 n.9 (3d Cir. 2011) (quoting *DeAndrade*, 523 F.3d at 67).

Based on the facts as they are presented, it is difficult to see how even the most thorough reinvestigation of facts could have solved the issue at hand. The reinvestigation Mr. Berkery

---

[5] Mr. Berkery urges the Court to interpret his case under *Cushman*, 115 F.3d 220. In *Cushman*, a consumer had three credit card accounts fraudulently opened in her name that had a balance of $2,400. *Id.* at 222. The consumer disputed the debts with Trans Union and, after a cursory initial investigation, Trans Union determined that the accounts belonged to her. *Id.* The consumer again disputed the debts, and Trans Union performed an identical investigation to the one it performed after her first complaint. *Id.* The court concluded that the initial investigation was satisfactory under § 1681e(b); however, consumer reporting agencies had heightened duties when reinvestigating disputes under § 1681i(a). *Id.* at 225. This includes verifying the accuracy of its initial source of information. *Id.* However, the facts of this case are quite different than those presented in *Cushman*. In this case, Mr. Berkery admits that the information reported was factually accurate. He instead argues that Capital One was not legally permitted to increase his minimum monthly payment and, he argues, the consumer reporting agencies should have investigated and realized that Capital One's behavior was illegal. Even under the "heightened" duties demanded by § 1681(a), the dispute here between Mr. Berkery and Capital One is not the same sort as that in *Cushman*.

9

requests would have required the consumer reporting agencies to decide whether Capital One was legally allowed to unilaterally increase Mr. Berkery's minimum monthly payment. "This is not a factual inaccuracy that could have been uncovered by a reasonable reinvestigation, but rather a legal issue that a credit agency . . . is neither qualified nor obligated to resolve under the FCRA." *DeAndrade*, 523 F.3d at 68. *See Carvalho*, 629 F.3d at 892 ("A CRA is not required as part of its reinvestigation duties to provide a legal opinion on the merits."). Indeed, as a matter of fairness, due process, and policy, it is difficult to imagine that resolving an issue such as the one extant *should* be assigned to the consumer reporting agency. As such, Mr. Berkery failed to state a claim under § 1681i.

## CONCLUSION

"Complaints filed *pro se* are construed liberally, but even a *pro se* complaint must state a plausible claim for relief." *Badger v. City of Phila. Office of Prop. Assessment*, 563 F. App'x 152, 154 (3d Cir. 2014) (citation and internal quotation marks omitted). Although the complaint does not currently state a claim, the Court gives Mr. Berkery leave to file an amended complaint in the event that he can cure the above deficiencies. *Phillips*, 515 F.3d at 236.

For the reasons set out in this Memorandum, the Court grants Defendants' motion to dismiss. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE