IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN C. BERKERY, SR., *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| EQUIFAX INFORMATION SERVICES LLC et al., *Defendants* | : : : : | NO. 18-3417 |

### MEMORANDUM

PRATTER, J.                                                                                DECEMBER 19, 2019

#### INTRODUCTION

*Pro se* plaintiff John C. Berkery alleges that three consumer reporting agencies violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*, because they misreported that his Capital One credit card account was overdue. In his original complaint, Mr. Berkery admitted that he failed to make his minimum monthly payment; however, he alleged that the information was inaccurate because Capital One illegally increased his minimum monthly payment. The Court granted the consumer reporting agencies' motion to dismiss because Mr. Berkery failed to plead that the consumer reporting agencies included a factual inaccuracy on his reports, as required by the FCRA.

Mr. Berkery then filed an amended complaint which omitted the problematic pleadings contained in his original complaint. The consumer reporting agencies now move to dismiss Mr. Berkery's amended complaint, arguing that Mr. Berkery cannot avoid dismissal of his claims by omitting the allegations that were fatal to his original complaint. Mr. Berkery also moves to strike the consumer reporting agencies' motion to dismiss. For the following reasons, the Court denies both motions.

## BACKGROUND

In ruling on this motion to dismiss, the Court must accept the facts presented in the complaint in the light most favorable to Mr. Berkery and "accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994).

Mr. Berkery alleges that three consumer reporting agencies violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*, because they misreported that the payments on his Capital One credit card account were overdue.

On March 6, 2012, Mr. Berkery opened a Platinum Mastercard credit card account with Capital One.[1] In his original complaint, he pleaded that when he opened the account, and for the next six years, the minimum monthly payment was $25. Compl. at ¶ 7 (Doc. No. 2). He originally pleaded that he continued to pay $25 per month even after Capital One increased the minimum requirement payment on the account. Mr. Berkery also alleged that "Capital One unilaterally and without cause" raised his minimum monthly payment. *Id.* Mr. Berkery contended that the three defendant consumer reporting agencies—Equifax Information Services, LLC, Experian Information Solutions, Inc, and Trans Union, Corp.—allegedly misreported the Capital One account on his credit reports by stating that the account was overdue when Mr. Berkery refused to pay the increased minimum monthly payment. He pleaded that this inaccuracy resulted in a substantial loss, including the inability to obtain mortgage financing or credit, and also damaged his reputation.

Mr. Berkery alleged that the consumer reporting agencies failed to adopt or follow reasonable procedures to assure maximum possible accuracy of his credit reports. According to

---

[1] Capital One was originally named as a defendant in this lawsuit; however, it has since been dismissed from the case. Doc. No. 16. Accordingly, the Court does not consider the allegations against Capital One included in the amended complaint.

Mr. Berkery, the agencies continued to report the Capital One account delinquency after he asked the agencies to reinvestigate his claims. In his original complaint, Mr. Berkery asserted that the consumer reporting agencies violated § 1681e(b) by failing to use reasonable procedures to assure maximum possible accuracy in their credit reports and § 1681i(a) by failing to reasonably reinvestigate his dispute of the allegedly inaccurate information.

Equifax, later joined by Experian and Trans Union, filed a motion to dismiss on the basis that Mr. Berkery had not alleged a patent, factual error on his Equifax report, namely that Equifax reported the numbers incorrectly. The Court granted the motion to dismiss as to all the defendants with leave for Mr. Berkery to amend his complaint. Mem. at 10 (Doc. No. 28). In dismissing Mr. Berkery's § 1681e(b) claim, the Court held that Mr. Berkery "fail[ed] to allege that the consumer reporting agencies reported an inaccuracy" because he "admit[ted] that Capital One increased his monthly payment amount and that he continued to pay the previous, lower amount in spite of the increase." *Id.* at 6. The Court reasoned that "[w]hen the consumer reporting agencies reported the delinquency, they were accurate because Mr. Berkery was, in fact, delinquent." *Id.*

As to Mr. Berkery's § 1681i(a) claim, the Court held that "[t]he reinvestigation Mr. Berkery requests would have required the consumer reporting agencies to decide whether Capital One was legally allowed to unilaterally increase Mr. Berkery's minimum monthly payment." *Id.* at 9-10. The Court held that § 1681i(a) does not obligate the consumer reporting agencies in this way, and noted "as a matter of fairness, due process and policy, it is difficult to imagine that resolving an issue such as this one extant *should* be assigned to the consumer reporting agency." *Id.* at 10.

Mr. Berkery has since filed his amended complaint. In his amended pleadings, Mr. Berkery no longer alleges that he made monthly payments of $25 or that Capital One increased his minimum payment to greater than $25. Instead, he alleges that although he maintained his account

3

"in a timely manner" for six years and that his account was eventually "paid in full and closed," Capital One reported to the consumer reporting agencies that the account was three months overdue. Am. Compl. at ¶ 7 (Doc. No. 30). Mr. Berkery alleges that the consumer reporting agencies produced factually inaccurate consumer reports based on this information, even after conducting reinvestigations upon Mr. Berkery's request. *Id.* at ¶ 25. Moreover, Mr. Berkery no longer alleges that "Capital One unilaterally and without cause" raised the minimum monthly payment. *Compare* Compl. at ¶ 7 (Doc. No. 2) *with* Am. Compl. at ¶ 7 (Doc. No. 30). The remainder of Mr. Berkery's amended complaint mirrors his original pleadings.

The defendants again move to dismiss Mr. Berkery's amended complaint, arguing that Mr. Berkery amended his pleadings in an attempt to avoid dismissal. Mr. Berkery also moves to strike the consumer reporting agencies' motion to dismiss under Federal Rule of Civil Procedure 12(f).

## LEGAL STANDARD

At the outset, the Court notes that Mr. Berkery's *pro se* pleading must be "liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Bieros v. Nicola*, 839 F. Supp. 332, 334 (E.D. Pa. 1993). Due to an "understandable difference in legal sophistication," *pro se* litigants such as Mr. Berkery are held to a "less exacting standard" than trained counsel. *Lopez v. Brown*, No. 04-6267, 2005 WL 2972843, at *2 (D.N.J. Nov. 4, 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Court stands prepared to "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (internal citation omitted).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), "to 'give the defendant fair

4

notice of what the . . . claim is and the grounds upon which it rests,'" the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (alteration in original).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation and internal quotation marks omitted). Thus, assessment of the sufficiency of a complaint is "a context-dependent exercise" because "[s]ome claims require more factual explication than others to state a plausible claim for relief." *W. Pa. Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. For one, the Court "must consider only those facts alleged in the complaint and accept all of the allegations as true." *ALA, Inc.*, 29 F.3d at 859; *see also Twombly*, 550 U.S. at 555 (stating that courts must "assum[e] that all the allegations in the complaint are true (even if doubtful in fact)"); *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("[A] court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."). Also, the Court must accept as true all reasonable inferences emanating from the allegations, and view those facts and inferences in the light most favorable to the nonmoving party. *See Rocks v. City of Phila.*,

5

868 F.2d 644, 645 (3d Cir. 1989); *see also Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010).

That admonition does not demand that the Court ignore or discount reality. The Court "need not accept as true unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000) (citations and internal quotation marks omitted), and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (explaining that a court need not accept a plaintiff's "bald assertions" or "legal conclusions" (citations omitted)). If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

## DISCUSSION

### I. Mr. Berkery's Motion to Strike the Defendants' Motion

As an initial matter, the Court must deny Mr. Berkery's motion to strike the defendants' motion to dismiss. Federal Rule of Civil Procedure 12(f) permits a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. PROC. 12(f). "Significantly, Rule 12(f) applies to pleadings, and 'motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.'" *United States v. Viola*, No. 02-9014, 2003 WL 21545108, at *3 (E.D. Pa. July 7, 2003) (quoting 2 *Moore's Federal Practice*, § 12.37 (Matthew Bender 3d ed.)).

Here, Mr. Berkery moves to strike a motion in its entirety, not a statement from a pleading. Rule 12(f) is therefore inapplicable, and the Court denies Mr. Berkery's motion to strike the defendants' motion to dismiss.[2]

## II.    The Defendants' Motion to Dismiss

### A. Superseded Judicial Admissions

The defendants' motion to dismiss is based entirely on the argument that Mr. Berkery cannot avoid dismissal by omitting the problematic pleadings contained in his original complaint from his amended complaint. The Court disagrees.

A plaintiff's "amended complaint supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." *West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (citations and quotation marks omitted). "A liberal policy toward allowing amendments to correct errors in the pleadings clearly is desirable and furthers one of the basic objectives of the federal rules—the determination of cases on their merits." *Id.* (quoting 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1474 (3d ed. 2008)). Upon careful review, Mr. Berkery's amended complaint does not refer to or adopt his original complaint and, therefore, supersedes the initial pleading.

Numerous circuit courts, including the Third Circuit Court of Appeals, "have recognized that judicial admissions may be withdrawn by amendment." *Id.* (collecting cases). The Third Circuit Court of Appeals has also noted that plaintiffs routinely correct factual inadequacies in

---

[2] Mr. Berkery filed two memoranda in support of his motion to strike which include substantive arguments opposing the defendants' motion to dismiss. Doc. No. 32 at 3-8; Doc. No. 33. He resubmitted these documents in his response in opposition to the defendants' motion to dismiss. Doc. No. 34. Although the Court ultimately denies Mr. Berkery's motion to strike, it considers Mr. Berkery's substantive arguments in its ruling on the motion to dismiss.

response to motions to dismiss, even by amending complaints in a manner that "flatly contradicts the initial allegation." *Id.* at 172. Following this circuit's precedent, the Court rejects the defendants' reliance on Mr. Berkery's admissions in his original complaint and assesses the merits of only the factual allegations included in the amended complaint.[3]

## B. Mr. Berkery's Section 1681e(b) Claim

Section 1681e(b) requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). A plaintiff is not required to establish a prima facie case to survive a motion to dismiss for failure to state a claim; however, he must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quotations omitted).

A plaintiff asserting a violation of § 1681e(b) must plead the following four elements: (1) inaccurate information was included on his report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of inaccurate information. *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010) (quoting *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).

As noted, the Court will not consider Mr. Berkery's superseded admissions that he continued paying $25 per month after the monthly minimum payment amount increased. In his amended complaint, Mr. Berkery instead alleges that despite "timely" maintaining his Capital One

---

[3] In making this determination, the Court notes "that a party's assertion of contrary factual positions in the pleadings is [not] without consequence." *West Run*, 712 F.3d at 172. For instance, a district court may consider at the summary judgment stage a statement "in a superseded complaint as rebuttable evidence when determining whether summary judgment is proper." *Id.* at 173 (citing *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 746 (7th Cir. 2002)).

8

account for six years, Capital One falsely reported to the consumer reporting agencies that his closed account, which was paid in full, was actually three months overdue. Am. Compl. at ¶ 7 (Doc. No. 30). Mr. Berkery alleges that the consumer reporting agencies included this inaccuracy in their credit reports. According to Mr. Berkery, the defendants' reporting of this inaccuracy resulted in a substantial loss, including the inability to obtain mortgage financing or credit, and damaged his reputation. Although Mr. Berkery presumably could have pleaded more facts, his allegations relating to the first, third, and fourth elements meet the lenient standards of notice pleading.

As to the second element, a reasonable procedure is one "that a reasonably prudent person would undertake under the circumstances." *Cortez*, 617 F.3d at 709 (quoting *Philbin*, 101 F.3d at 963). When assessing reasonableness, the factfinder balances "the potential harm from inaccuracy against the burden of safeguarding against such inaccuracy." *Seamans v. Temple Univ.*, 744 F.3d 853, 864 (3d Cir. 2014); *see also Cortez*, 617 F.3d at 709 (quoting *Philbin*, 101 F.3d at 963). Unless the reasonableness or unreasonableness of a consumer reporting agency's procedures "is beyond question," the reasonableness is generally a question for the jury. *Seamans*, 744 F.3d at 864-65 (quoting *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 971 (7th Cir. 2004)).

The Third Circuit Court of Appeals has yet to delineate the precise burden on the plaintiff as to the second element. However, the appellate court has cited three possible standards used by other circuits. *Philbin*, 101 F.3d at 964-66. Those standards are: "that a plaintiff must produce some evidence beyond a mere inaccuracy in order to demonstrate the failure to follow reasonable procedures; that the jury may infer the failure to follow reasonable procedures from the mere fact of an inaccuracy; or that upon demonstrating an inaccuracy, the burden shifts to the defendant to

prove that reasonable procedures were followed." *Cortez*, 617 F.3d 688, 710 (quoting *Philbin*, 101 F.3d at 965).

Without a precise burden of proof articulated by the Third Circuit Court of Appeals as to the second element, the Court declines to dismiss a claim that could satisfy—at the very least— the most lenient standard articulated: permitting a jury to infer a failure to follow unreasonable procedures where an inaccuracy exists. Thus, Mr. Berkery's § 1681(e) claim survives this motion to dismiss.

### C. Mr. Berkery's Section 1681i Claim

Section 1681i requires consumer reporting agencies to "conduct a reasonable reinvestigation" if a consumer disputes information contained in his or her file and notifies the agency. 15 U.S.C. § 1681(a)(1)(A). A consumer reporting agency is liable for failing to reinvestigate under § 1681i if it "had a duty to do so, and . . . would have discovered a discrepancy had it undertaken a reasonable investigation." *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)). "This standard requires that a plaintiff show that the disputed information was inaccurate." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 212 (E.D. Pa. 2007).

"[T]he parameters of a reasonable investigation will often depend on the circumstances of a particular dispute." *Cortez*, 617 F.3d at 713. Even so, it is clear that a reasonable investigation requires more than "making only a cursory investigation into the reliability of information that is reported to potential creditors." *Id.* (citing *Cushman*, 115 F.3d at 225). A reasonable investigation also requires an agency to, upon determining that the reported information is inaccurate, incomplete, or unverifiable, delete or modify the information and notify the information provider

that the information has been modified or deleted from the consumer's file. *Id.* (citing 15 U.S.C. § 1681(a)(1)(A)).

In dismissing the original complaint, the Court at great length justified its adoption of several courts of appeals' conclusions that consumer reporting agencies need not investigate the legal validity of the underlying debts they report. Mem. at 7-9 (Doc. No. 28). In doing so, the Court determined that the defendants could only be liable under § 1681i claim for patent, factual inaccuracies contained in credit reports, not latent inaccuracies challenging the legal validity of the debt. *Id.* The Court accordingly dismissed Mr. Berkery's § 1681i claim because, as alleged in his original complaint, Mr. Berkery's requests would have required the consumer reporting agencies to determine the legality of Capital One's allegedly unilateral increase of his minimum monthly payment. *Id.* at 9-10.

As noted, Mr. Berkery's amended complaint now sufficiently alleges that patent, factual inaccuracies were contained in the credit reports. Thus, the barrier once blocking Mr. Berkery's § 1681i claim no longer exists. To support his § 1681i claim, Mr. Berkery pleads that he notified the consumer reporting agencies of the alleged inaccuracy, provided the agencies information to support his belief, and requested that they correct the inaccuracy in their reports. These allegations support the notion that the defendants had a duty to reasonably investigate Mr. Berkery's claim. According to Mr. Berkery, however, the consumer reporting agencies either did not conduct any investigations or, alternatively, conducted only cursory investigations that failed to yield their discovery of the alleged inaccuracy. Am. Compl. at ¶ 38 (Doc. No. 30). Although Mr. Berkery certainly could have pleaded more facts concerning how the consumer reporting agencies failed to undertake a reasonable investigation, during this preliminary stage he has at least put forth

sufficient allegations to raise "a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotations omitted).

Given Mr. Berkery's amended pleadings, the Court is satisfied that Mr. Berkery has alleged sufficient facts which permit his § 1681i claim to survive the consumer reporting agencies' motion to dismiss. This is particularly true as the Court must be "especially lenient with pleadings drafted by a *pro se* plaintiff." *Pittman v. Correctional Healthcare Solutions, Inc.*, 868 F. Supp. 105, 107 (E.D. Pa. Nov. 10, 1994) (citation omitted).

## CONCLUSION

For the reasons set out in this Memorandum, the Court denies the defendant consumer reporting agencies' motion to dismiss, and Mr. Berkery may proceed with his Fair Credit Reporting Act claims. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

12